UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CASE NO: 3:22-cv-00028-L

**JEAN FREEMAN**
individually and on behalf of all
others similarly situated,

                                                                    **CLASS ACTION**

    Plaintiff,                                                 **JURY TRIAL DEMANDED**

v.

**DUNCANVILLE N, LLC D/B/A
CLAY COOLEY NISSAN,**

    Defendant.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Jean Freeman ("Plaintiff")[2] brings this class action against Defendant Duncanville N, LLC d/b/a Clay Cooley Nissan ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.    This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff Freeman hereby amends her Complaint "as a matter of course". This amendment moots Defendant's pending motion to dismiss Plaintiff Freeman's claims. *See Ramirez v. R.J. Corman R.R. Grp*., No. EP-20-CV-00303-FM, 2021 U.S. Dist. LEXIS 153293, at *1-2 (W.D. Tex. Mar. 19, 2021); *Sutton v. Spirit Halloween LLC*, No. 1:19cv514-LG-RHW, 2019 U.S. Dist. LEXIS 212520, at *1-2 (S.D. Miss. Dec. 10, 2019); *Schwartz v. Anthem Ins. Cos*., No. 1:20-cv-00069-JPH-MPB, 2020 U.S. Dist. LEXIS 44973, at *2 (S.D. Ind. Mar. 13, 2020).

[2] Plaintiff Carson, pursuant to pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), hereby voluntarily dismisses her claims without prejudice.

1

2. Defendant operates a car dealership selling new and used cars as well as vehicle maintenance, service and parts.[3]

3. To market its business, Defendant uses prerecorded messages to send marketing messages to individuals' cellular phone numbers without first obtaining the required express written consent.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

7. Plaintiff Freeman is a natural person who, at all times relevant to this action, was a resident of Dallas County, Texas.

8. Defendant is a corporation whose principal office is located in Dallas, Texas. Defendant directs, markets, and provides its business activities throughout the state of Texas.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

---

[3] www.claycooleynissan.com/

## FACTS

10. From May through December of 2020, Defendant also caused multiple prerecorded voice messages to be transmitted to Plaintiff Freeman's cellular telephone number ending in 9126 ("9126 Number").

11. Specifically, upon information and belief, Plaintiff Freeman received prerecorded voice messages from Defendant on or about December 11, 2020 and November 13, 2020.

12. The prerecorded messages Plaintiff Freeman received included a prerecorded voice which identified itself as James Reed of Nissan in Dallas/Duncanville and offered Plaintiff to attend a "Black Friday" sales event and informed her of Defendant's "December to remember event" with special car "payments as low as $129 a month".

13. When Plaintiff listened to the voice messages, she was easily able to determine that they were prerecorded messages. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

14. Defendant's prerecorded message calls constitute telemarketing/advertising because they promoted Defendant's business, goods and services.

15. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted by prerecorded message.

16. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

17. Defendant's unsolicited prerecorded messages caused Plaintiffs additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to their daily life.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

18. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

19. Plaintiff brings this case on behalf of the Class defined as follows:

> All persons in the United States who, within four years prior to the filing of this action, were sent a prerecorded message by or on behalf of Defendant regarding Defendant's goods, products, or services.

20. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

21. Defendant and its employees or agents are excluded from the Classes. Plaintiff believes the Class members number in the several thousands, if not more.

#### NUMEROSITY

22. Upon information and belief, Defendant has sent prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

#### COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

   b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   c) Whether Defendant's conduct was knowing and willful;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

      e) Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I

**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**
**(On Behalf of Plaintiffs and No Consent Class)**

30. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

32. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

33. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

34. Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

35. Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

36. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

37. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

38. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 18, 2022

Respectfully submitted,

> By: */s/ Andrew Shamis*
> Andrew Shamis, Esq.
> **Shamis & Gentile, P.A.**
> Texas Bar No. 24124558
> 3839 McKinney Avenue
> Suite 155-2319
> Dallas, TX 75204
> E: AShamis@ShamisGentile.com
> T: 305-479-2299
>
> *Attorneys for Plaintiff and the Proposed Class*